UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIO JERMAINE CLARKE,

    Petitioner,

v.

    Case No. 1:21-cv-251

    HON. JANET T. NEFF

JAMES SCHEIBNER,

    Respondent.

_____/

## OPINION AND ORDER

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254.  The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R) recommending that this Court deny the petition, deny a certificate of appealability, and certify that an appeal would not be taken in good faith (ECF No. 15).  The matter is presently before the Court on Petitioner's objections to the Report and Recommendation (ECF No. 16).  In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made.  The Court denies the objections and issues this Opinion and Order.  The Court will also issue a Judgment in this § 2254 proceeding.  *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

Petitioner's three claims concern the trial testimony of Trevor Sims.  Petitioner first alleges that the prosecutor violated his rights to due process and a fair trial by knowingly presenting Sims' false testimony at trial.  Petitioner next alleges that his trial attorney was ineffective for failing to object to Sims' testimony or move for a new trial based on the compromised testimony.  Finally,

he alleges that his appellate counsel was ineffective for failing to raise the knowing-false-testimony claim on appeal.

The Magistrate Judge determined that the state court's decision that Petitioner's claims lacked merit was neither contrary to, nor an unreasonable application of, clearly established Federal law and was not based on an unreasonable interpretation of the facts. *See* 28 U.S.C. § 2254(d). Regarding Petitioner's due process and fair trial claim, the Magistrate Judge found that Petitioner failed to demonstrate that the prosecutor knowingly presented false testimony. As to the ineffective assistance of counsel claims, the Magistrate Judge found that Petitioner failed to show deficient performance or prejudice.

In his objections, Petitioner argues that the Magistrate Judge erred in finding that the prosecutor did not know that Sims was going to commit perjury. The Court discerns no error in the Magistrate Judge's analysis. There is no question that Sims' testimony was problematic. Sims was unhappy with his own plea deal and no longer wanted to testify at Petitioner's trial. He admitted to the trial judge that he lied before and during the trial. However, the Magistrate Judge extensively analyzed Sims' testimony and correctly determined that "[n]othing suggests that the prosecutor had any idea that Sims would commit perjury until she was confronted with his false testimony during the trial, and she handled it appropriately" (ECF No. 15 at PageID.2664). Accordingly, the Court agrees with the Magistrate Judge that Petitioner failed to show that the prosecutor knowingly presented false testimony.

Petitioner next objects to the Magistrate Judge's analysis of the ineffective assistance of trial counsel claim. With regard to the prejudice prong, Petitioner contends that without Sims' false testimony, "there is nothing in the record that could suggest, and/or even infer Petitioner's guilt" (ECF No. 16 at PageID.2673). Petitioner's assertion is contrary to the record. Twenty-

2

three witnesses testified during Petitioner's six-day bench trial. As the Magistrate Judge adequately stated, "[i]t was simply one piece of a broad array of evidence, including McNear's testimony, that the trial judge cited as support for the convictions" (ECF No. 15 at PageID.2666). The Court agrees with the Magistrate Judge that Petitioner failed to show deficient performance and prejudice to support and ineffective assistance of trial counsel claim.[1]

Petitioner next objects to the Magistrate Judge's analysis of the ineffective assistance of appellate counsel claim. He argues that the Magistrate Judge erred in finding Petitioner's knowing-false-testimony argument was not clearly stronger than the arguments that counsel raised on appeal. Petitioner's argument is without merit. The fact that the Michigan Court of Appeals rejected Petitioner's insufficiency of evidence and mandatory sentencing guidelines claims on appeal does not mean that the knowing-false-testimony claim was any stronger. For the reasons thoroughly discussed in the R & R, Petitioner's knowing-false-testimony claim is not supported by the record. Accordingly, Petitioner failed to show that the issue not presented "was clearly stronger than issues that counsel did present." *Smith v. Robbins*, 528 U.S. 259, 288 (2000).

In sum, Petitioner's objections demonstrate his disagreement with the Magistrate Judge's analysis, but his submission fails to demonstrate any factual or legal error in the conclusion that Petitioner is not entitled to habeas relief. The Court finds that the adjudication of Petitioner's claims on the merits in state court did not result in a decision that was contrary to, or an unreasonable application of, clearly established Federal law, or based on an unreasonable determination of the facts.

---

[1] Petitioner also appears to argue that the Magistrate Judge erred in finding that the ineffective assistance of trial counsel claim lacks merit because the trial court failed to hold an evidentiary hearing. *See People v. Ginther*, 212 N.W.2d 922 (Mich. 1973). Petitioner does not appear to raise this issue in his habeas petition. Nonetheless, this argument fails because it raises an issue of state law that is not cognizable on federal habeas review. *See Estelle v McGuire*, 502 U.S. 62, 67 (1991).

Having determined Petitioner's objections lack merit, the Court must further determine, pursuant to 28 U.S.C. § 2253(c), whether to grant a certificate of appealability as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward:  The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack,* 529 U.S. at 484. Upon review, this Court finds that reasonable jurists would not find the Court's assessment of Petitioner's claims debatable or wrong. A certificate of appealability will therefore be denied.

Accordingly:

**IT IS HEREBY ORDERED** that the objections (ECF No. 16) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 15) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the petition for habeas corpus relief (ECF No. 1) is DENIED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is DENIED as to each issue asserted.

**IT IS FURTHER ORDERED** that this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*,

114 F.3d 601, 610-11 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007).

Dated:  April 18, 2023            /s/ Janet T. Neff  
                                                             JANET T. NEFF  
                                                             United States District Judge